IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Edwin Reeves Hazel, III., | ) C/A No. 0:09-1624-SB-PJG |
| Plaintiff, | ) |
| vs. | ) |
| | ) **REPORT AND** |
| Sheriff Wayne Dewitt, B.C.S.O.; | ) **RECOMMENDATION** |
| Captain Barry Currie, B.C.S.O.; | ) |
| Lieutenant Butch Rivers B.C.S.O.; | ) |
| Nurse P. Brodie B.C.D.C.; | ) |
| Nurse Tammie Snodgrass B.C.D.C., | ) |
| Defendants. | ) |

This civil rights matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. The plaintiff, Edwin Reeves Hazel, III, ("Plaintiff"), is self-represented and brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is a pretrial detainee at the Berkeley County Detention Center ("BCDC") and files this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff, who seeks monetary damages, claims the Defendants have been deliberately indifferent to his medical needs. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed for failure to state a claim upon which relief may be granted.

### *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez,

504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975).

PJG

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## BACKGROUND

Plaintiff states that he noticed "an irritation of the skin on [Plaintiff's] left leg" on April 18, 2009. (Compl., Docket Entry 1 at 3.) Plaintiff immediately completed a request for medical attention and was seen by the BCDC's doctor on April 22, 2009. (Id.) Plaintiff states the doctor briefly examined Plaintiff's leg and prescribed an ointment. The medication did not alleviate Plaintiff's discomfort; therefore, he made a second request for medical attention on May 4, 2009. (Id.)

Plaintiff indicates that Defendant Brodie, a nurse, came to Plaintiff's cell on May 5, 2009. Defendant Brodie told Plaintiff that he would not be seen again by the doctor. Later that day, Defendant Brodie brought Plaintiff another ointment, prescribed by the doctor. Plaintiff applied the new medication to the affected area for approximately three days. (Id.) Plaintiff states his skin condition failed to improve and became increasingly more sensitive

*PJG*

and irritated. (Id. at 4.) Plaintiff discontinued use of the ointment and placed his third request for medical attention.

On May 13, 2009, Plaintiff was taken to see the BCDC doctor. However, Plaintiff states Defendant Brodie prevented Plaintiff's examination and "commanded" Plaintiff to leave the medical office. (Id.) Defendant Snodgrass, another BCDC nurse, told Plaintiff that no further treatment would be provided for his medical condition and that Plaintiff could "sue" Defendant Snodgrass if he was dissatisfied with the situation. Plaintiff indicates that his inmate account was debited for the medications and examinations provided by the BCDC. Plaintiff feels he was "charged" money "to get worse." Plaintiff seeks monetary damages and a written apology from the Defendants. (Id. at 4-5.)

## DISCUSSION

With respect to medical care, a prisoner in a § 1983 case "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).[1] In Estelle v. Gamble, the Supreme Court also stated that not "every claim by a prisoner that he has not received adequate medical treatment states a violation." Id. at 105. Further, in Miltier v. Beorn, the United States Court of Appeals for the Fourth Circuit noted that the medical treatment at issue "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness" and that "mere negligence or malpractice does

---

[1]The Plaintiff's claims are governed by the Fourteenth Amendment of the United States Constitution, not the Eighth Amendment, because the Plaintiff is a pre-trial detainee confined at the Berkeley County Detention Center. See Belcher v. Oliver, 898 F.2d 32, 34 (4th Cir. 1990) ("The Fourteenth Amendment right of pretrial detainees, like the Eighth Amendment right of convicted prisoners, requires that government officials not be deliberately indifferent to any serious medical needs of the detainee").



not violate the [Constitution]." Miltier v. Beorn, 896 F.2d 848, 851-852 (4th Cir. 1990) (citation omitted).

The instant Complaint indicates that the Plaintiff received an examination and medication for his skin condition within four days of his initial request for medical attention. Plaintiff was provided a second prescription medication approximately two weeks later. Thus, the Plaintiff admits that the Defendants provided medical attention, but complains that his condition was not "properly" treated. (Compl., Docket Entry 1 at 2). Although the provision of medical care by prison or jail officials is not discretionary, the type and amount of medical treatment is discretionary. See Brown v. Thompson, 868 F. Supp. 326, 329, n. 2 (S.D. Ga. 1994) (collecting cases). Further, while the United States Constitution requires that prisoners be provided with a certain minimum level of medical treatment, "it does not guarantee to a prisoner the treatment of his choice." Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988). In the present action, the Defendants provided Plaintiff with medical treatment and medication for his skin condition. Thus, the Plaintiff has failed to establish that the Defendants were deliberately indifferent to a serious medical need.[2]

Liberally construed, Plaintiff may also be alleging a claim of negligence against the Defendants. However, the law is well settled that negligence, in general, is not cognizable under 42 U.S.C. § 1983. See Daniels v. Williams, 474 U.S. 327, 328-336 & n. 3 (1986); Davidson v. Cannon, 474 U.S. 344, 345-348 (1986); Pink v. Lester, 52 F.3d 73 (4th Cir. 1995) (Daniels bars an action under § 1983 for negligent conduct); Ruefly v. Landon, 825

---

[2]It is further noted that Plaintiff provides no factual information to indicate that his skin condition constitutes a serious medical condition, which is required to state a cognizable claim of deliberate indifference. See Harrison v. Ash, 539 F.3d 510, 518 (6th Cir. 2008).

F.2d 792, 793-794 (4th Cir. 1987). Similarly, medical malpractice, a state law tort, is not actionable under 42 U.S.C. § 1983. Estelle v. Gamble, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner"). As Plaintiff's allegations do not rise to the level of deliberate indifference to medical needs, and negligence/medical malpractice are not constitutional violations under § 1983, the Complaint should be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

**RECOMMENDATION**

Accordingly, the court recommends that the Complaint in the above-captioned case be dismissed without prejudice and without issuance of service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 20, 2009
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the district judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).